UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JUAN S.R., | Case No. 26-CV-0005 (PJS/LIB) |
| Petitioner, | |
| v. | ORDER |
| PAMELA BONDI, Attorney General; DAREN K. MARGOLIN, Director for Executive Office for Immigration Review; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; DEPARTMENT OF HOMELAND SECURITY; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; IMMIGRATION AND CUSTOMS ENFORCEMENT; DAVID EASTERWOOD, Acting Director, St. Paul Field Office, Immigration and Customs Enforcement; RYAN SHEA, Freeborn County Sheriff, | |
| Respondents. | |

Cameron Lane Youngs Giebink and David L. Wilson, WILSON LAW GROUP, for petitioner.

Ana H. Voss, UNITED STATES ATTORNEY'S OFFICE, for all respondents except Ryan Shea.

This matter is before the Court on petitioner Juan S.R.'s petition for a writ of habeas corpus.[1] Juan, a citizen of Venezuala, entered the United States without inspection in November 2021. V. Pet. ¶¶ 13, 27; Campbell Decl. ¶¶ 5–6. Exhibits submitted with Juan's habeas petition indicate that he was detained shortly after his unlawful entry and, on November 21, 2021, he was placed in removal proceedings and released on his own recognizance "[i]n accordance with section 236 of the Immigration and Nationality Act"—that is, 8 U.S.C. § 1226. Giebink Decl. Ex. A.

Sometime in November or December 2025, Immigration and Customs Enforcement ("ICE") took Juan into custody. V. Pet. ¶ 41; Campbell Decl. ¶ 13. Respondents take the position that Juan is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore is not entitled to a bond hearing under 8 U.S.C. § 1226(a). This position reflects both new interim guidance from ICE and recent precedent from the Board of Immigration Appeals finding that § 1225, rather than § 1226, applies to aliens who entered without inspection and have been residing in the United States. *See Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 963 (D. Minn. 2025) (discussing the interim guidance); *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 229 (BIA 2025).

---

[1]Pursuant to this District's policy in immigration cases, the Court identifies petitioner only by his first name and last initials.

Following his arrest, Juan filed this habeas action. This is one of numerous recent cases challenging the application of § 1225(b)(2) to aliens who are living in the United States after entering without inspection. This Court recently held that, because such aliens are not "seeking admission," *see* § 1225(b)(2), that provision does not apply to them. *See Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *3 (D. Minn. Nov. 25, 2025).

Respondents concede that this case is not meaningfully distinguishable from *Santos M.C.* and instead argue that *Santos M.C.* was wrongly decided. Respondents' argument has some force, but the Court continues to believe that the better reading is that § 1225(b)(2) does not apply to aliens, such as Juan, who entered without inspection and are already present and living in the United States.[2]

Finally, as to remedy: Respondents argue that release is not warranted, but that the Court should instead order a bond hearing pursuant to § 1226(a). The Court agrees with Judge Tostrud's analysis in *Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026), however, that an arrest warrant is a prerequisite to detention under § 1226(a). *See also* 8 U.S.C. § 1226(a) ("*On a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." (emphasis added)). Juan alleged in

---

[2]The Court notes that respondents' arguments to the contrary are preserved for appeal. *See* ECF No. 5 at 4.

his petition that his arrest was warrantless, V. Pet. ¶ 41, and respondents have not presented evidence to the contrary (or indeed said anything about a warrant).  The Court will therefore grant Juan's petition and order his release.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner's petition for habeas corpus [ECF No. 1] is GRANTED.

2. The Court DECLARES that petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

3. Respondents must release petitioner from custody immediately, subject to the conditions of his November 21, 2021, Order of Release on Recognizance.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 12, 2026                     /s/ Patrick J. Schiltz
                                            Patrick J. Schiltz, Chief Judge
                                            United States District Court